# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** CAL-RED FACILITY, LLC dba ASISTENCIA VILLA REHABILITATION & CARE CENTER, a California Skilled Nursing Facility; DIANE MACHAIN, an individual; *(AVISO AL DEMANDADO):* DOES 1-25, inclusive | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* **F I L E D** SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO SAN BERNARDINO CIVIL DIVISION **JUN 17 2021** *Sylvia Guajardo* SYLVIA GUAJARDO, DEPUTY |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOAN RISNER, deceased, by and through her personal legal representative and successor in interest, BONNIE HARRIS; BONNIE HARRIS, individually; and CHARL RISNER, individually

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: San Bernardino Justice Center *(El nombre y dirección de la corte es):* 247 West Third Street San Bernardino, CA 92415 | **CASE NUMBER:** *(Número del Caso):* **CIV SB 2116350** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Christian R. Oliver, Esq. The Barnes Firm, LC, 655 W. Broadway, Ste.940, San Diego, CA 92101, (800)800-0000

| DATE: **JUN 17 2021** *(Fecha)* | Clerk, by *Sylvia Guajardo* *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

SYLVIA GUAJARDO

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.   | Print this form |   | Save this form |   | Clear this form |

39

1 ALLEN R. OGHASSABIAN, SBN 292653
CHRISTIAN R. OLIVER, SBN 313192
2 THE BARNES FIRM, LC
655 W. Broadway, Ste 940
3 San Diego, California 92101
Tel: 800.800.0000 Fax: 888.800-7050
4 Email: allen.oghassabian@thebarnesfirm.com
Email: christian.oliver@thebarnesfirm.com
5

6 Attorneys for Plaintiffs

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

JUN 04 2021

BY _____
SYLVIA GUAJARDO, DEPUTY

7 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 **COUNTY OF SAN BERNARDINO** CIV SB  2 1 16 3 5 0

| | |
|---|---|
| 9 JOAN RISNER, deceased, by and through her personal legal representative and successor in 10 interest, BONNIE HARRIS; BONNIE HARRIS, individually; and CHARL RISNER, individually, 11<br><br>12      Plaintiffs,<br>v.<br>13<br>CAL-RED FACILITY, LLC dba ASISTENCIA VILLA 14 REHABILITATION & CARE CENTER, a California Skilled Nursing Facility; and DIANE MACHAIN, an 15 individual; DOES 1-25, inclusive,<br>16<br>     Defendants, | Case No.: _____<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **Elder Abuse and Neglect**<br>   **(Welf. & Inst. Code, §15600,**<br>   ***et seq.)***<br><br>2. **Violation of Patient Rights**<br>   **(Health & Safety Code §1430(b))**<br><br>3. **Negligence**<br><br>4. **Wrongful Death** |

19

20      All allegations set forth in this Complaint are based on information and belief except

21 those allegations which pertain to Plaintiff herein and their counsel. Each allegation in this

22 Complaint either has evidentiary support or is likely to have evidentiary support after

23 reasonable opportunity for further investigation and discovery.

24 **THE PARTIES**

25      1.      Plaintiff Decedent JOAN RISNER ("Decedent JOAN") was born on May 7,

26 1925 and died on May 13, 2020.

27      2.      Decedent JOAN was a victim of elder abuse and at all times relevant herein,

28

1

**COMPLAINT**

1    an "elder" or "dependent adult" as defined by Welfare & Institutions Code §15610.23(b),

2    and had physical limitations restricting her ability to carry out normal activities and protect

3    her rights as discussed more fully *infra*.

4        3.      At all times relevant to this action herein, Decedent JOAN was a resident of

5    the State of California and County of San Bernardino.

6        4.      Plaintiff BONNIE HARRIS ("BONNIE") is an adult individual, the natural

7    daughter of Decedent JOAN, and she brings the survival claims of Elder Abuse and

8    Neglect and Violation of Patient Rights on behalf of Decedent JOAN, in her capacity as her

9    personal legal representative and Successor in Interest.

10       5.      Filed concurrently herewith is BONNIE's Declaration pursuant to Code of

11   Civil Procedure § 377.32.

12       6.      BONNIE, and CHARL RISNER ("CHARL") are the surviving children of

13   Decedent JOAN. They bring the Wrongful Death action in their individual capacities as

14   Decedent JOAN's heirs.

15       7.      At all times relevant to this action herein, BONNIE was a resident of the State

16   of California and County of San Bernardino.

17       8.      At all times relevant to this action herein, CHARL was a resident of the State

18   of California and County of Riverside.

19       9.      At all times relevant to this action herein, the Skilled Nursing Facility ("SNF")

20   known as the ASISTENCIA VILLA REHABILITATION AND CARE CENTER (Defendant

21   FACILITY") was located at 1875 Barton Road, Redlands, California 92373, in the County

22   of San Bernardino.

23       10.     Plaintiffs are informed and believe, and based upon information and belief

24   allege, that Defendant CAL-RED FACILITY, LLC was doing business as ("dba") Defendant

25   FACILITY.

26       11.     Plaintiffs are informed and believe, and based upon information and belief

27

28   _____2_____

                                   **COMPLAINT**

41

1 | allege, that at all times relevant herein, Defendant CAL-RED FACILITY, LLC owned the
2 | Defendant FACILITY.

3 |     12.    Plaintiffs are informed and believe, and based upon information and belief
4 | allege, that at all times relevant herein, Defendant CAL-RED FACILITY, LLC operated the
5 | Defendant FACILITY.

6 |     13.    Plaintiffs are informed and believe, and based upon information and belief
7 | allege, that at all times relevant herein, Defendant CAL-RED FACILITY, LLC (hereinafter
8 | "CAL-RED (THE LICENSEE)") was the Licensee for the Defendant FACILITY.

9 |     14.    Plaintiffs are informed and believe, and based upon information and belief
10 | allege, that CAL-RED (THE LICENSEE) was at all times relevant herein, a California
11 | registered foreign corporation.

12 |     15.    Plaintiffs are informed and believe, and based upon information and belief
13 | allege, that Defendant CAL-RED (THE LICENSEE)'s principal executive office is located
14 | at 10960 Wilshire Blvd., 5th Floor, Los Angela's, California 90024.

15 |     16.    Plaintiffs are informed and believe, and based upon information and belief
16 | allege, that Defendant DIANE MACHAIN was the administrator of the Defendant Facility,
17 | and at all times relevant herein, was a California resident.

18 |                         **JURISDICTION AND VENUE**

19 |     17.    This Court has jurisdiction over the causes of action asserted pursuant to
20 | California Code of Civil Procedure § 410.10.

21 |     18.    The acts alleged in this complaint occurred in the County of San Bernardino.

22 |     19.    The Defendants, and each of them, have sufficient minimum contacts in
23 | California based on conducting business in California or otherwise intentionally avail
24 | themselves of the California market though their provision of services in the County of San
25 | Bernardino, so as to render them essentially at home in California and making the exercise
26 | of jurisdiction by the California courts consistent with traditional notions of fair play and
27 |
28 |

3

**COMPLAINT**

1  substantial justice.

2      20.   Venue is proper in this Court pursuant to California Code of Civil Procedure

3  §§ 395 and 395.5  based on the facts, without limitation, that this Court is a court of

4  competent jurisdiction, that at least one Defendant either resides or does business in the

5  County of San Bernardino, and because the injuries to the persons complained of herein

6  occurred in the County of San Bernardino.

7                              **BACKGROUND ALLEGATIONS**

8      21.   Plaintiffs are informed and believe, and based upon information and belief

9  allege, that a licensee is responsible for compliance with licensing requirements and the

10  organization, management, operation, and control of the facility. The general duties of a

11  licensee are set forth in Title 22 of the California Code of Regulations, § 72501. Certain

12  duties are non-delegable including the responsibility for compliance with regulations and

13  the management and control of the SNF. Delegation of authority by a licensee shall not

14  diminish the responsibilities of the licensee. Therefore, even where a licensee delegates

15  operational control to another person or entity, that licensee remains directly liable for

16  management, operation, and control of the facility. (Cal. Code Regs., tit. 22, § 72501(a).)

17      22.   Plaintiffs are informed and believe, and based upon information and belief

18  allege, that Defendants dba the Defendant FACILITY were subject to the requirements of

19  federal and state laws and regulations that govern the operation of a SNF in California. In

20  connection with its operation of the Defendant FACILITY, Defendants had a substantial

21  and ongoing caretaking and custodial relationship involving ongoing responsibility for the

22  basic needs of its residents, including Decedent JOAN.

23      23.   Plaintiffs are informed and believe, and based upon information and belief

24  allege, by law, Defendant CAL-RED (THE LICENSEE) of SNFs operating in California must

25  delegate to a designated administrator, in writing, the authority to organize and carry out

26  the day-to-day functions of the SNF.  During Decedent JOAN's admission to the Defendant

27

28

4

**COMPLAINT**

FACILITY, the Defendant FACILITY had an Administrator, believed to be Diane Machain, who was responsible for the administration and management of the SNF in accordance with Title 22 of the California Code of Regulations § 72513. The Administrator was a managing agent of Defendant CAL-RED (THE LICENSEE) and had care or custody of Decedent JOAN.

24.     Plaintiffs are informed and believe, and based upon information and belief allege, Defendants, and each of them, had the duty to employ an adequate number of qualified personnel to carry out all of the functions of the SNF. (Health & Safety Code § 1599.1(a); Cal. Code Regs., tit. 22, § 72501, subd. (e)) Adequate staffing is essential to proper patient care and outcomes. There is no greater predictor of patient outcome in a skilled nursing facility than understaffing. The standard of care codified at 42 U.S.C. §§ 482.30 and 483.25 is to provide sufficient qualified nursing staff for nursing and related services to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by resident assessments, and plans of care. Because these requirements are codified in state and federal regulations, everyone involved in nursing home operations, including the owners, operators, managers, administrators, and directors of nursing in this case, understands the direct relationship between quality staff and patient outcomes.

25.     Plaintiffs are informed and believe, and based upon information and belief allege, in addition to Defendants' duty to have sufficient numbers of well-qualified and trained staff, Defendants had a duty to ensure that the Defendant FACILITY was operated in a way that respected and did not violate well-recognized resident rights under California Code of Regulations, title 22; Health and Safety Code section 1599.1; 42 U.S.C. §§ 1395-1396; and 42 Code of Federal Regulations part 483.

26.     Plaintiffs are informed and believe, and based upon information and belief allege, the Defendant FACILITY and CAL-RED FACILITY, LLC were under common

1 | ownership and control.

2 |     27.    Plaintiffs are informed and believe, and based upon information and belief
3 | allege, Defendants were responsible for ensuring the Defendant FACILITY was operated
4 | in full compliance with federal and state laws and regulations governing operations of a
5 | SNF, and for all aspects of the organization, management, operation, and control of the
6 | Defendant FACILITY.

7 |     28.    Plaintiffs are informed and believe, and based upon information and belief
8 | allege, Decedent JOAN's injuries arose out of the organization, management, operation
9 | and control of the Defendant FACILITY by Defendant CAL-RED (THE LICENSEE) and
10 | Defendant CAL-RED FACILITY, LLC in their capacity as owner/operator of the Defendant
11 | FACILITY.

12 |     29.    Plaintiffs are informed and believe, and based upon information and belief
13 | allege, Defendants, each of them, share a joint responsibility for Decedent JOAN's injuries
14 | and death.

15 |     30.    Plaintiffs are informed and believe, and based upon information and belief
16 | allege, that at all times relevant herein, Defendants managed and controlled the Defendant
17 | FACILITY and made critical decisions regarding staffing budget and census, resulting in
18 | nurse staffing which fell below the legal minimum. Defendant CAL-RED (THE LICENSEE)
19 | and Defendant CAL-RED FACILITY, LLC benefited financially from the policies and
20 | procedures, decisions, control, and management of the Defendant FACILITY in the form
21 | of income and profits received from the Defendant FACILITY.

22 |     31.    Plaintiffs are informed and believe, and based upon information and belief
23 | allege, that if Defendant CAL-RED FACILITY, LLC and Defendant FACILITY are not
24 | treated as a single enterprise or alter-egos of each other, a severe injustice will result.
25 | Allowing Defendants to avoid legal responsibility for actions taken at the Defendant
26 | FACILITY level, which they directed and caused, would be unfair and unjust.

27 |
28 |

6

**COMPLAINT**

32.     Plaintiffs are informed and believe, and based upon information and belief allege, Defendants engaged in elder abuse and other wrongful conduct against Decedent JOAN.

33.     The true names and capacities, whether individual, corporate partnership, associate, or otherwise of Defendants named herein as DOES 1-25, inclusive, are unknown to Plaintiff, who therefore sue those Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and/or capacities and/or involvement of said fictitiously named Defendants when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated as a DOE is responsible in some manner for the events and happenings herein referred to and thereby legally caused the injuries and damages herein alleged.

34.     On information and belief, DOES 1 through 10 at all times mentioned herein owned, operated, managed, supervised, controlled, maintained, or were otherwise responsible for the business activities of Defendant FACILITY. Such DOES would include officers, directors, controlling shareholders, partners, and/or governing board members, persons in *de facto* control of healthcare, operators, and/or employees of Defendant FACILITY.  At all times relevant to this action, DOES 1 through 10 helped set and enforce policies and procedures for the services rendered to clients of Defendant FACILITY.

35.     On information and belief, DOES 11 through 15 may be staff or contracted personnel of Defendant FACILITY, including physicians, licensed nurses, aides, social workers, business office personnel, and/or other clinical, or administrative personnel including, without limitation, persons directly or indirectly responsible for provision of patient care, persons having made representations or warranties to Plaintiffs, and/or persons acting in concert with other Defendants.

36.     On information and belief, DOES 16 through 25 include persons directly or indirectly responsible for provision of care to Decedent JOAN, including but not limited to

7

**COMPLAINT**

1 physicians, medical groups, managed care organizations, acute care hospitals, home
2 health agencies, visiting nurses, therapists, and/or other ancillary care providers who saw,
3 examined, evaluated, observed and/or treated or failed to treat Decedent JOAN  leading
4 to injury or death and/or persons having made representations or warranties to or from the
5 Department of Social Services, the Department of Public Health, the Long Term Care
6 Ombudsman, Adult Protective Services, Defendant FACILITY, and/or anyone purporting
7 to act on behalf of or in concert with these persons or entities. The identities of such
8 persons or entities are unknown to Plaintiff and Plaintiff will seek leave to amend when
9 those identities are ascertained. Plaintiff is informed and believes, and thereon alleges,
10 that each of the Defendants designated as a DOE is responsible in some manner for the
11 events and happenings herein referred to and thereby legally caused the injuries and
12 damages herein alleged.

13    37.   Upon information and belief, Plaintiff further alleges that each Defendant and
14 DOES 1-25 were the agent, servant, employee, joint venturer, and/or partner of each Co-
15 Defendant, and at all times acted within the course and scope of said agency, employment,
16 venture, and/or partnership pursuant to the policies, practices, procedures, written or
17 otherwise, and with the advance knowledge, acquiescence, or subsequent ratification of
18 each Co-Defendant.

19    38.   Upon information and belief, Plaintiff further alleges that each Defendant and
20 DOES 1-25 are liable for the acts of each other through principals and/or respondent
21 superior, agency, ostensible agency, partnership, alter-ego and/or other form(s) of
22 vicarious liability. Consequently, each Defendant is jointly and severally liable to Plaintiffs
23 for damages sustained as a proximate result of his, her, or their conduct.

24    39.   Decedent JOAN was admitted to Defendant FACILITY in 2017 for long-term
25 care due to her history of falls. She required skilled and custodial services to meet her care
26 needs.

27

28

8

**COMPLAINT**

40. Decedent JOAN had a history of bilateral osteoarthritis, congestive heart failure, memory problems, balance problems, vision problems, and hypertension. She was deemed to have impaired physical mobility She required assistance with ambulation and transfers. As a result of her physical and mental condition, she was dependent on others for her activities of daily living including, but not limited to, personal hygiene, continence care, transferring in and out of bed, eating, drinking, and managing her medication.

41. Defendants failed to properly assess and gather information to make decisions about suitable interventions to avoid individualized health risks. The care plan must set goals to provide benchmarks for evaluating whether the planned care interventions are effective. The staff must assess and reassess the resident to determine whether the care plan goals are being met. If the interventions are not working, the care plan must be modified to include alternative treatment interventions. If the resident has a change of condition, he or she must be reassessed to determine if the care plan needs to be modified as a result of the resident's new condition and/or baseline. Care planning is an ongoing interdisciplinary process that is critical to patient outcomes.

42. Decedent JOAN was deemed by Defendant FACILITY as at risk for irregular pulse rate, chest pain, and shortness of breath.

43. Defendants knew, or should have known, that prevention and care is especially important among nursing home residents such as Decedent JOAN, who are more susceptible to respiratory infection/syndrome due to their age and medical conditions.

44. However, Defendant FACILITY failed to provide adequate care to Decedent JOAN and failed to effectively develop, implement, and modify care plans for her individualized care needs.

45. Defendant FACILITY knew Decedent JOAN was at an increased risk of irregular pulse rate and shortness of breath when she was admitted to their facility, and throughout her stay. However, Defendants failed to assess her, update her care plans

9

**COMPLAINT**

regarding dehydration, provide her with assistance with feeding and drinking, and failed to monitor her for signs and symptoms of dehydration and malnutrition.

46.   Decedent JOAN required full assistance with eating and drinking. Yet the records documented by Asistencia Villa Rehabilitation and Care Center reflect that Defendants failed to provide the full assistance she required.

47.   During Decedent JOAN's stay at Defendant FACILITY, her daughter, BONNIE, visited approximately 2-3 times a week to check on her mother.

48.   Sometime during April of 2020, Defendant FACILITY no longer allowed visitors in the facility.

49.   In or around May of 2020, it was reported that approximately 6 cases of COVID-19 have been confirmed at Defendants' FACILITY.   Defendant FACILITY employees began to fail to show up for work.   Defendant FACILITY failed to provide required care to the facility's residents and placed them in harm's way.

50.   On April 30, 2020, Decedent JOAN tested positive for COVID-19.

51.   On May 13, 2020, Decedent JOAN was transported to Redland Community Hospital's Emergency Room due to desaturating oxygen levels and labored breathing. Upon admission to the emergency room, Decedent JOAN was found to be slowly deteriorating.

52.   Unsurprisingly, Decedent JOAN's health continued to worsen. Decedent JOAN could not recover from her extreme respiratory infection/syndrome and other injuries and died on May 13, 2020.

### FIRST CAUSE OF ACTION

### ELDER ABUSE AND NEGLECT

### [Welfare & Institution Code §§ 15600, et seq.]

### (Against All Defendants)

53.   Plaintiffs hereby incorporates by reference Paragraph 1 through 52 of this

10

COMPLAINT

49

1    Complaint as though fully set forth herein.

2        54.    Decedent JOAN, at all times relevant herein, was over the age of 65 and thus

3    an "elder" as that term is defined in Welfare and Institutions Code § 15610.27.

4        55.    Decedent JOAN was not able-bodied and was unable to take care of her own

5    needs during the time she was under the care and custody of Defendants, while a resident

6    of Defendant FACILITY. Decedent JOAN had a history of bilateral osteoarthritis,

7    congestive heart failure, memory problems, balance problems, vision problems, and

8    hypertension. She was, thus, dependent on Defendants' care staff for all her activities of

9    daily living including assistance in dressing, grooming, bathing, toileting, medication

10   management, and feeding.

11       56.    Accordingly, Defendants and each of them, had a substantial ongoing

12   caretaking and custodial relationship with Decedent JOAN, while she was a resident at the

13   Defendants' FACILITY. Decedent JOAN was dependent on Defendants, and each of them,

14   for all of her custodial and other care needs.

15       57.    Each resident of Defendants' FACILITY is an elder and/or dependent adult

16   as defined by Welfare & Institutions Code §§ 15610.23 and 15610.27, respectively.

17   Defendants knew or should have known that their conduct, as described herein, was

18   directed to one or more elder and/or dependent adults. Because of her age, condition,

19   restricted mobility, and disability, Decedent JOAN was substantially more vulnerable to the

20   conduct of Defendants than other members of the public.

21       58.    Defendants had a duty to Decedent JOAN to provide access to care and

22   treatment to prevent the development of wounds, infection/syndrome, pain, malnutrition,

23   and dehydration; to ensure medical care that was needed was actually provided; and to

24   accept and retain only those residents for whom it could provide adequate care,

25   supervision, and assistance. Because Defendant FACILITY accepted and retained

26   Decedent JOAN as a resident, they owed a duty to Decedent JOAN to act reasonably in

27

28

11

**COMPLAINT**

the discharge of their duties and to not willfully or recklessly ignore Decedent JOAN's medical care needs or cause unnecessary suffering. Without limiting the foregoing, Defendants owed the following duties to Decedent JOAN:

    a.    Duty to identify individualized care needs based on assessment of patient's needs with input from patient and, if necessary, health professionals involved in the care of the patient (Cal. Code Regs., tit. 22, § 72311(a)(1)(A)); 42 C.F.R. §§ 483.10(f), 483.20(b)(1); 42 U.S.C. § 1395i-3(b)(3));

    b.    Duty to provide care as implemented by individualized written patient care plan indicating the care to be given, objectives to be accomplished, and the professional discipline responsible for each element of care (Cal. Code Regs., tit. 22, § 72311(a)(1)(B); 42 C.F.R. § 483.10(c));

    c.    Duty to review, evaluate, and update patient care plans as necessary and more often if there is a change of the patient's condition (Cal. Code Regs., tit. 22, § 72311(a)(1)(C));

    d.    Duty to provide care as implemented by the patient care plan according to the methods indicated (Cal. Code Regs., tit. 22, § 72311(a)(2); 42 U.S.C. § 1395i-3(b)(4));

    e.    Duty to provide care pursuant to physician's orders in the administration of medication and/or treatment, to provide medication and treatment as prescribed, and prepare a record of the administration of medication and treatment (Cal. Code 17 of Regs., tit. 22, §§ 72313 (a)(1)-(2) and (c));

    f.    Duty to record nurses' notes that are clear and legible, dated and signed, among other qualifications, including narratives or how a

COMPLAINT

1      patient responds, eats, drinks, looks, feels, and reacts (Cal. Code
2      Regs., tit. 22, § 72547(a)(5));

3   g.   Duty to provide the resident or responsible party with the opportunity
4      to participate in an immediate and ongoing basis in the total plan of
5      care including identification of medical, nursing, and psychosocial
6      needs and the planning of related services (Cal. Code Regs., tit. 22, §
7      72527(a)(3); 42 C.F.R. § 483.10(c));

8   h.   Duty to provide care in such a manner and in such an environment by
9      facility staff to be free from mental and physical abuse and neglect
10     (Cal. Code Regs., tit. 22, § 72527(a)(10); 42 C.F.R. § 483.12);

11  i.   Duty to provide care in such a manner and in such an environment to
12     prevent formation and progression of pressure ulcers including turning
13     and repositioning; using pressure-reducing devices where indicated;
14     provide care to maintain clean, dry skin free of feces and urine; and
15     carry out physician orders for treatment of ulcers (Cal. Code Regs., tit.
16     22, § 72315(f); Health & Saf. Code, § 1599.1(b));

17  j.   Duty to provide adequate personal hygiene, nutrition, and fluids to
18     prevent malnutrition, dehydration, and promote wound healing (Cal.
19     Code of Regs., tit. 22, §§ 72315(d)(g)(h); Health & Saf. Code, §
20     1599.1(b));

21  k.   Duty to provide adequate number of qualified personnel to carry out
22     all functions of the facility and to meet patients' needs as well as
23     adequate training and competent supervision (Cal. Code of Regs., tit.
24     22, §§ 72329 and 72329.1; Health & Saf. Code, § 1599.1(a); 42 C.F.R.
25     §§ 483.35, 483.95).

26  l.   Duty to treat residents with consideration, respect, and full recognition

27

13

COMPLAINT

28

of dignity (Cal. Code Regs., tit. 22, § 72527(a)(12)); and,

m.   Duty to notify physician of any change of condition and to note all attempts to notify physician in patient's health record (Cal. Code Regs., tit. 22, § 72311(a)(3) and (b)).

59.   In addition, and without limiting the generality of the foregoing, Defendants owed the following duties to Decedent JOAN and committed elder neglect by: failing to implement policies and procedures to ensure resident care needs are met; failing to provide training on the policies and procedures to ensure resident care needs are met; failing to ensure physician care is provided; failing to plan a budget whereby staffing levels are adequate; failing to allocate sufficient resources to staff Defendant FACILITY in both quantity and quality caregivers; and failing to comply with state and federal laws and regulations pertaining to SNFs.

60.   Defendants conduct further constitutes neglect as that term is defined in Welfare and Institutions Code § 15610.57 to include "the negligent failure of any person having the care or custody of an elder or a dependent adult to exercise that degree of care that a reasonable person in a like position would exercise, including but not limited to:

a.   Failure to assist in personal hygiene, or in the provision of food, clothing, or shelter.

b.   Failure to provide medical care for physical and mental health needs;

c.   Failure to protect from health and safety hazards;

d.   Failure to prevent malnutrition or dehydration.

61.   Pursuant to California law, Defendants are required to provide an elder, such as Decedent JOAN, "basic services" including, a duty to continually assess Decedent JOAN's condition, a duty to note changes in Decedent JOAN's condition, and a duty to immediately notify Decedent JOAN's physician and family of changes.   Defendants similarly had a duty to create and update adequate plans of care, and to receive, note, and

14

**COMPLAINT**

follow physicians' orders. Defendants had a duty to treat Decedent JOAN with dignity and respect, and to provide adequate numbers of nursing and other similar staff to assist her. Defendants had a duty to employ adequately trained staff. Yet Defendants failed to provide medical care and custodial care sufficient to meet Decedent JOAN's physical and mental health needs and failed to protect her from health and safety hazards, as described in detail herein.

62.     Defendants, knew that Decedent JOAN was an elder who required assistance to meet her basic needs, yet failed to provide for those needs, even with knowledge of Decedent JOAN's high risk for injury, her dependence on Defendants, and the substantial certainty that Decedent JOAN would be injured if these needs were not provided for. Defendants' failure to provide Decedent JOAN with the care, assistance, and monitoring that he required caused her harm.

63.     Defendants denied and withheld basic care to Decedent JOAN despite the knowledge that by doing so, injury was substantially certain to befall her or with conscious disregard of the high probability of such injury. Defendants' denial and withholding of basic care to Decedent JOAN caused her injuries, needless suffering, and emotional distress. Furthermore, Defendants withheld medical care by failing to assess and reassess Decedent JOAN's condition, update individualized care plan(s), and monitor her condition to see whether she was improving, or worsening.

64.     Defendants failed to provide Decedent JOAN with the care and treatment she needed, failed to ensure adequate nutritional and fluid intake, promote and maintain personal hygiene, and monitor and manage her pain levels. Defendants failed to monitor, assess, and reassess Decedent JOAN's deteriorating condition and to report her changes of condition to her physician and/or family to arrange for a higher level of care. Thus, there was repeated withholding of care when Defendants failed to implement care plans with adequate monitoring of her intake and output.

15

**COMPLAINT**

65.   Defendants failed to meet Decedent JOAN's need for care and basic services, to avoid needless suffering, injury, and emotional distress, by making a conscious choice to understaff the nursing home, in both quantity and quality of nursing personnel. The decision to understaff was made at the corporate level by Defendants to increase the profitability of the nursing home, in conscious disregard of patient care needs. Defendants, together with its directors, officers, and managing agents including the Administrator, Director of Nursing, and Medical Director, conceived of and implemented a plan to increase business profits at the expense of residents like Decedent JOAN and other Defendant FACILITY residents. Integral to this plan was the practice and pattern of Defendants' staffing its facilities with an insufficient number of care personnel, many of whom were not properly trained nor qualified to care for the elders whose lives were entrusted to them. The understaffing and lack of training was designed to reduce labor costs and to increase profits and resulted in high staff turnover and the physical abuse and neglect of many residents of the facilities and most specifically, Decedent JOAN. This corporate policy to not maintain sufficient staffing, as required by law, was developed and implemented with the conscious disregard for the likelihood of physical harm and injury to those who it is in the business to protect, including Decedent JOAN, who did in fact suffer as a direct consequence of the Defendants' proprietary interests, which it placed above that of Decedent JOAN, and other residents/patients.

66.   Defendants had a duty to employ adequate numbers of sufficiently staffed employees to provide minimum services and oversight of residents, policies and procedures to ensure that basic services and oversight are implemented to assure the health and safety of residents, employment and training of staff such that staff is experienced and competent to perform the job duties necessary to assure safety and oversight of residents, accepting, training, and employing staff in a manner that avoids "a revolving door" of crucial managerial employees such that there is little or no continuity

16

**COMPLAINT**

55

1  and/or an absence of crucial managerial employees at critical times, such as the initial
2  admission of a resident to the FACILITY.

3      67.    Defendants knew or should have known that by understaffing their facilities,
4  in quantity and quality, they were putting Defendant FACILITY residents, including
5  Decedent JOAN, at risk for known, harmful, life threatening conditions, including
6  dehydration and death. This is because Defendants, and each of them, including the
7  owners, operators, administrators, and directors of nursing understand the direct
8  relationship between staffing and patient outcomes. The higher the staffing ratio, the better
9  the patient outcome.

10     68.    Defendants, and each of them, knew or should have known that Defendant
11 FACILITY's operation was designed and operated in a manner to circumvent its legal duty
12 to comply with applicable statutes and regulations to maximize profitability. That knowledge
13 was exclusively in the possession of the Defendants. Decedent JOAN and her family had
14 no such knowledge, nor the opportunity to obtain such knowledge and information.
15 Decedent JOAN and her family believed that Defendants' business operations were, as
16 represented by the Defendants, properly run in compliance with the law and that the care
17 afforded to its residents was within all State guidelines. They understood that the
18 management and staff at Defendant FACILITY were "experts" and were readily familiar,
19 capable, able, and committed to the care and oversight of residents such as Decedent
20 JOAN. Such representations were fraudulent. Further, Defendants' conduct was reckless
21 and in conscious disregard of Decedent JOAN's rights and safety.

22     69.    Defendants convinced Decedent JOAN and her family they were able to meet
23 her care needs. Defendants knew those promises and assurances were untrue.
24 Defendants knew the Defendant FACILITY was rated poorly and was in fact a failing facility
25 providing poor care when they made those statements. Defendants knew the Defendant
26 FACILITY was not properly staffed, was not providing proper care, and would not provide

27

28

17

**COMPLAINT**

proper care to Decedent JOAN. The purpose of their promises and assurances was to induce Decedent JOAN to select Defendant FACILITY purely for financial gain. Their statements were false and were part of Defendants' business model of making fraudulent representations to elderly and dependent persons like Decedent JOAN. This constitutes unfair business practices directed at the elderly.

70.     This continual pattern of withholding care and understaffing at Defendant's FACILITY was well known to the Defendants and their officers, directors, and managing agents, Administrator, Director of Nursing, and Medical Director. Upon information and belief, Defendant FACILITY's Administrator, Director of Nursing, and Medical Director routinely reported up the chain of command to corporate managing agents about what was happening on the floor at the nursing home.  Upon information and belief, Defendant FACILITY's Administrator, Director of Nursing, and Medical Director also routinely reported admission, discharge and staffing data, and Defendants directed and controlled the staffing budget by allocating resources, setting staffing minimums and maximums, and directing staff to patient ratios. By law, Defendants were responsible for setting policies and procedures to be implemented in the Defendant FACILITY and provide supervision and oversight of administration and nursing services by and through managers and directors.

71.     These corporate managing agents had a duty to direct the nurses and staff yet did not make the necessary changes at Defendant FACILITY, even with knowledge of substandard care, failures to assess, monitor, and respond to changes in resident condition, inadequate custodial care, inadequate hygiene, and inadequate safety measures at the facility. The managing agents of each Defendant knew or should have known of the lack of proper custodial care to its patients, as well as its understaffing, poor training, and the failure to implement care plans based on internal reporting and also the oversight, monitoring, and reporting of the Department of Public Health.  Any and all findings of the Department of Public Health regarding care failures at Defendant FACILITY

18

**COMPLAINT**

were reported up the corporate chain. Despite each Defendant's conscious knowledge of these conditions, the managing agents of each Defendant did not take appropriate and adequate steps to prevent and correct them, and they did not inform Decedent JOAN or her family of what they knew about these dangerous conditions.

72.     Defendants, and their officers, directors and managing agents of the Defendants' FACILITY, including the Administrator, Director of Nursing, and Medical Director, knew or should have known that the Defendants' FACILITY's operation was designed in a manner so as to maximize profitability by circumventing the legal duty to assure the health, safety, and oversight of residents such as Decedent JOAN and, in particular, the duty to hire competent employees, to train those employees and to terminate or discipline employees for misconduct towards the residents, including Decedent JOAN. As a result, Defendants' and their officers, directors, and managing agents, including the Administrator, Director of Nursing, and Medical Director, had knowledge of, ratified and/or otherwise authorized all of the acts or omissions, which caused the injuries to Decedent JOAN.

73.     LVNs are per se "unfit" to perform the functions of an RN, just as an RN is per se "unfit" to perform the functions of a medical doctor. Here, Defendants authorized and ratified the use of LVNs to perform assessments that they were not licensed or qualified to perform. As a direct and proximate result of using unfit LVNs to perform assessments, the LVN-based assessments and care plans done for Decedent JOAN were incomplete and inadequate and resulted in Decedent JOAN not getting the interventions she needed to prevent her becoming dehydrated, malnourished, developing respiratory infection/syndrome, and dying.

74.     As a proximate result of the abuse and neglect of Decedent JOAN by Defendant LVNs, and each of them, Decedent JOAN died on May 13, 2020.

75.     As a proximate result of the abuse and neglect of Decedent JOAN by

19

**COMPLAINT**

1   Defendants and each of them, she was caused to incur medical expenses and other related

2   expenses, all to her special damages in a sum to be established.

3        76.    As a proximate result of the abuse and neglect of Decedent JOAN by

4   Defendants, and each of them, she suffered fear, anxiety, humiliation, physical pain and

5   discomfort, and emotional distress, all to her general damages in a sum to be established.

6        77.    By the conduct, acts and omissions of Defendants, and each of them, as

7   alleged above, they are guilty of recklessness, fraud, oppression, and/or malice. The

8   specific facts set forth above show a disregard of the high probability that Decedent JOAN

9   would be injured. In addition to special damages, Plaintiff is therefore entitled to an award

10   of the reasonable attorney's fees and costs incurred in prosecuting this case as well as

11   Decedent JOAN's pain and suffering and punitive damages pursuant to Welfare &

12   Institutions Code § 15657 and Civil Code § 3294.

13

14                     **SECOND CAUSE OF ACTION**

15                 **VIOLATION OF PATIENT RIGHTS**

16                   **[Health & Safety Code § 1430(b)]**

17    **(Against Defendants CAL-RED FACILITY, LLC dba ASISTENCIA VILLA**
            **REHABILITATION AND CARE CENTER, and DOES 1-25)**

18        78.    Plaintiff incorporates by reference Paragraphs 1 through 77 of this Complaint

19   as though fully set forth.

20        79.    The acts and omissions of Defendants alleged above constitute violations of

21   patients' rights within the meaning of Health and Safety Code § 1430(b). This statute allows

22   a current or former resident to pursue damages, attorney's fees, and an injunction for

23   violations of patients' rights set forth in Title 22 of the California Code of Regulations §

24   72527 and other state and federal laws and regulations.

25        80.    Here, Defendants' conduct as described in the foregoing sections violated

26   several of Decedent JOAN's statutory rights, including but not limited to:

27

28

COMPLAINT

a. Right to be treated with consideration, respect, and full recognition of dignity (Cal. Code Regs., tit. 22, § 72527(a)(12));

b. Right to have individualized individual care needs identified based on assessment of patient's needs with input from patient and, if necessary, health professionals involved in the care of the patient (Cal. Code Regs., tit. 22, § 72311(a)(1)(A)); 42 C.F.R. §§ 19  483.10(f),  483.20(b)(1);  42 U.S.C. § 1395i-3(b)(3));

c. Right to receive care as implemented by individualized written patient care plan indicating the care to be given, objectives to be accomplished, and the professional discipline responsible for each element of care (Cal. Code Regs., tit. 22, § 72311(a)(1)(B); 42 C.F.R. § 483.10(c));

d. Right to have patient care plans reviewed, evaluated, and updated as necessary and more often if there is a change of the patient's condition (Cal. Code Regs., tit. 22, § 26 72311(a)(1)(C));

e. Right to receive care as implemented by the patient care plan according to the methods indicated (Cal. Code Regs., tit. 22, § 72311(a)(2); 42 U.S.C. § 1395i-3(b)(4));

f. Right to receive care pursuant to physician's orders in the administration of medication and/or treatment, to have medication and treatment as prescribed, and for a record of the administration of medication and treatment prepared (Cal. Code of Regs., tit. 22, §§ 72313 (a)(1)-(2) and (c));

g. Right to have a record of nurses' notes that are clear and legible, dated and signed, among other qualifications, including narratives or how a patient responds, eats, drinks, looks, feels, and reacts (Cal. Code Regs., tit. 22, § 72547(a)(5));

21

**COMPLAINT**

h. Right for the resident or responsible party to have the opportunity to participate in an immediate and ongoing basis in the total plan of care including identification of medical, nursing, and psychosocial needs and the planning of related services (Cal. Code Regs., tit. 11  22,  § 72527(a)(3); 42 C.F.R. § 483.10(c));

i. Right to have physician notified of any change of condition and to have all attempts to notify physician noted in patient's health record (Cal. Code Regs., tit. 22, § 72311(a)(3) and (b));

j. Right to receive pharmaceutical and physical therapy services for effective pain management (Cal. Code Regs., tit. 22, §§ 72355, 72403(b)(3));

k. Right to receive care in such a manner and in such an environment by facility staff to befree from mental and physical abuse and neglect (Cal. Code Regs., tit. 22, § 72527(a)(10); 42 C.F.R. § 483.12);

l. Duty to provide adequate number of qualified personnel to carry out all functions of the facility and to meet patients' needs as well as adequate training and competent supervision (Cal. Code of Regs., tit. 22, §§ 72329 and 72329.1; Health & Saf. Code, § 1599.1(a); 42 C.F.R. §§ 483.35, 483.95).

81.  Defendants violated the above-referenced patient's rights when they failed to provide appropriate services to prevent serious injury to Decedent JOAN.

82.  Plaintiff is entitled to attorney's fees and costs and an injunction to prevent further violations, in addition to other remedies set forth in Health and Safety Code § 1430(b).

///

///

**COMPLAINT**

### THIRD CAUSE OF ACTION

### NEGLIGENCE

### (Against ALL Defendants)

83.     Plaintiff incorporates by reference Paragraphs 1 through 82 of this Complaint as though fully set forth.

84.     At all times herein mentioned, Defendants had a duty to exercise reasonable and ordinary care in providing custodial care services to Decedent JOAN and/or in providing health care services to Decedent JOAN.

85.     At the above-mentioned times and place, Defendants, by their respective acts or omissions, were careless and breached their respective aforementioned duty owed to Decedent JOAN by: negligently and carelessly failing to exercise reasonable and ordinary care to provide custodial care services to Decedent JOAN; negligently and carelessly failing to exercise reasonable and ordinary care to provide health care services to Decedent JOAN; negligently and carelessly failing to adequately supervise and/or monitor Decedent JOAN; negligently and carelessly failing to hire, train and supervise; negligently and carelessly failing to exercise reasonable and ordinary care to provide custodial care services to Decedent JOAN; negligently and carelessly failing to be adequately staffed to appropriately care for and treat Decedent JOAN; negligently and carelessly failing to implement appropriate measure and interventions to ensure that Defendant FACILITY, as a SNF, was adequately staffed to appropriately care for and treat Decedent JOAN; negligently and carelessly failing to take appropriate measures to prevent injury to Decedent JOAN; negligently and carelessly failing to adequately assess the care needs of Decedent JOAN; negligently and carelessly failing to adequately implement appropriate interventions to address the care needs of Decedent JOAN; negligently and carelessly failing to have appropriate policies and procedures in place and for failing to follow appropriate policies and procedures; and/or negligently and carelessly failing to

23

**COMPLAINT**

62

otherwise care for and treat Decedent JOAN consistent with the standard of care, which upon information and belief, will be disclosed through discovery in the course of this litigation.

86.    As a direct and proximate result of these tortious acts, omissions, and/or conduct of Defendants, Plaintiffs were damaged, injured, and harmed, all of which have caused Plaintiffs great mental, physical and emotional distress, pain and suffering, all to Plaintiffs' damage in a sum to be determined according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

## WRONGFUL DEATH

## (Against All Defendants)

87. Plaintiff incorporates by reference Paragraphs 1 through 86 of this Complaint as though fully set forth.

88. Plaintiff BONNIE and Plaintiff CHARL are the surviving heirs and natural children of Decedent JOAN.

89. As a proximate result of the conduct alleged above, perpetrated by Defendants, Decedent JOAN died on May 13, 2020.

90. Prior to the death of Decedent JOAN, Plaintiff BONNIE and Plaintiff CHARL enjoyed the love, society, comfort, and attention of their mother.

91. As a proximate result of the wrongful act of Defendants, as alleged herein, which caused the death of Decedent JOAN, Plaintiff BONNIE and Plaintiff CHARL sustained pecuniary loss of the love, comfort, companionship, solace, society, training, guidance, and attention of Decedent JOAN, in a sum according to proof at trial.

## RELIEF REQUESTED / PRAYER

1.    On the First Cause of Action:

    a. For compensatory damages in an amount in excess of the minimum jurisdiction of this court to be ascertained at the time of trial; and

24

COMPLAINT

b.  For special damages including past hospital, medical, professional, and incidental expenses, according to proof; and

c.  For interest on any compensatory damages;

d.  For attorney's fees and costs pursuant to Welfare & Institutions Code § 15657 and according to proof; and

e.  For punitive and/or exemplary damages pursuant to Welfare & Institutions Code § 15657 and Civil Code § 3294; and

f.   For treble damages pursuant to Civil Code § 3345;

2.   <u>On the Second Cause of Action:</u>

a.  For statutory damages according to proof pursuant to Health & Safety Code section 1430(b); and

b.  For attorney's fees and costs pursuant to Health & Safety Code section 1430(b);

3.   <u>On the Third and Fourth Causes of Action:</u>

a.  For compensatory damages in an amount in excess of the minimum jurisdiction of this court to be ascertained at the time of trial; and

b.  For special damages including funeral and burial expenses, medical and incidental expenses according to proof; and

c.  For interest on any compensatory damages;

4.   <u>On all counts</u>

a.  For costs of suit; and

b.  Whatever further relief the court may find just and proper.

COMPLAINT

DATED: June 4, 2021                    THE BARNES FIRM, LC



By: _____
Christian R. Oliver
Attorneys for Plaintiffs

26

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: June 4, 2021                          THE BARNES FIRM, LC


By: _____

Christian R. Oliver
Attorneys for Plaintiffs

27

**COMPLAINT**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE:        _____ | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.  This document must be filed and served at least 15 days prior to the trial setting conference date.**

1.  **Party or parties** (answer one):
    a.  ☐  This statement is submitted by party (*name*):
    b.  ☐  This statement is submitted jointly by parties (*names*):

2.  **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3.  **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4.  **Description of case** in Complaint:

5.  **Description of case** in Cross-Complaint:

6.  Has all discovery been completed:  Yes ☐   No ☐   Date discovery anticipated to be completed: _____

7.  Do you agree to mediation?  Yes ☐   No ☐   Please check type agreed to:  Private: _____   Court-sponsored: _____

8.  **Related cases, consolidation, and coordination:**  Please attach a Notice of Related Case.

    ☐ A motion to _____ ☐ consolidate   ☐ **Trial dates requested: Yes** ☐   No ☐   Available dates: _____
    Time estimate: _____

9.  **Other issues:**
    ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

JOAN RISNER, deceased, et al.

vs.

CAL-RED FACILITY LLC et al.

Case No.: CIV SB 2 1 1 6 3 5 0

## CERTIFICATE OF ASSIGNMENT

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino District of the Superior Court under Rule131 and General Order of this court for the checked reason:

☒ General     ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☒ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | _____ |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

ASISTENCIA VILLA REHABILITATION & CARE CENTER          1875 Barton Rd.
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR          ADDRESS

Redlands                              CA                    92373
CITY                                  STATE                 ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on June 4, 2021 at San Diego,
California.

_Signature of Attorney/Party_

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar, etc.)
ALLEN R. OGHASSABIAN, SBN 292653
CHRISTIAN R. OLIVER, SBN 313128
THE BARNES FIRM, LC
655 W Broadway, Suite 940, San Diego, CA 92101

TELEPHONE NO: (800) 800-0000          FAX NO (Optional):

ATTORNEY FOR (Name): JOAN RISNER, deceased, by and through her personal legal representative and successor in interest, BONNIE HARRIS, BONNIE HARRIS, individually; and CHARL RISNER, individually.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino Justice Center

CASE NAME: JOAN RISNER, deceased, et al. vs. CAL-RED FACILITY LLC, et al.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

JUN 04 2021

BY _Sylvia Guajardo_
SYLVIA GUAJARDO, DEPUTY

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIVSB 2116350 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:   DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Four
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: June 4, 2021

Christian R. Oliver, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Risner et al -v-  Cal-Red Facility, LLCet al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2116350 |

THE BARNES FIRM, LC
655 W Broadway
STE 940
San Diego CA  92101

This case has been assigned to:  Janet M Frangie in Department S29 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  12/17/2021  at 9:00 AM in Department S29 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown.  (see Emergency Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice.  Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.

Date: 6/17/2021                              Nancy CS Eberhardt, Court Executive Officer

                                             By: _Sylvia Guajardo_____
                                             Sylvia Guajardo, Deputy Clerk

---

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☒ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing:  6/17/2021

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 6/17/2021 at San Bernardino, CA.

                                             By: _Sylvia Guajardo_____
                                             Sylvia Guajardo, Deputy Clerk



**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Risner et al -v-  Cal-Red Facility, LLCet al | |
|---|---|
| **NOTICE OF RETURN OF DOCUMENT(S)** | Case Number<br>CIVSB2116350 |

THE BARNES FIRM, LC
655 W Broadway
STE 940
San Diego CA  92101

Petition of Bonnie Harris is returned by the Court for the following reasons:

Petition of Bonnie Harris is returned as it does not state Supplemental Petition and it is unclear if this was meant to be an independant filing

**Please keep this notice attached when resubmitting.  Thank you.**

Date:  6/17/2021                                          By:    Sylvia Guajardo, Deputy Clerk