JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 21-1319 JGB (SPx) | Date | October 13, 2021 |
|---|---|---|---|
| Title | *Joan Risner, et al. v. Silverscreen Healthcare Inc., et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) Order (1) GRANTING Plaintiffs' Motion to Remand (Dkt. No. 14); (2) DENYING AS MOOT Defendants' Motion to Dismiss (Dkt. No. 9); (3) DENYING AS MOOT Defendants' Motion to Compel (Dkt. No. 12); (4) VACATING the October 18, 2021 Hearing; and (5) VACATING the November 29, 2021 Hearing

Before the Court is a Motion to Remand filed by Plaintiffs Bonnie Harris, individually and as successor in interest of Joan Risner, deceased, and Charl Risner. ("Motion," Dkt. No. 14.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to these matters, the Court GRANTS Plaintiffs' Motion and DENIES AS MOOT Defendants' Motion to Dismiss and Motion to Compel. The case is REMANDED to the Superior Court for the County of San Bernardino. The hearings on October 18, 2021 and November 29, 2021 are VACATED.

## I.  BACKGROUND

This is a wrongful death case. On June 4, 2021, Plaintiffs filed a complaint in San Bernardino County Superior Court against Cal-Red Facility, LLC dba Asistencia Villa Rehabilitation & Care Center; Diane Machain; and Does 1-25.[1] ("Complaint," Dkt. No. 1-1.)

---

[1] Defendant Silverscreen Healthcare Inc. dba Asistencia Villa Rehabilitation and Care Center was erroneously named in the Complaint as Cal-Red Facility, LLC dba Asistencia Villa Rehabilitation & Care Center. ("Removal," Dkt. No. 1 at 1-2.)

Plaintiffs' Complaint alleges elder abuse and neglect, violation of patient rights, negligence, and wrongful death. (Id. at 1.)

Defendants removed the action to federal court on August 5, 2021. ("Removal," Dkt. No. 1.) On September 2, 2021, Plaintiffs filed the Motion. (Motion.) Defendants opposed the Motion on September 27, 2021. ("Opposition," Dkt. No. 20.) That same day, Defendants filed a Request for Judicial Notice in support of the Opposition. ("Request," Dkt. No. 21.) Plaintiffs replied on September 29, 2021. ("Reply," Dkt. No. 22.)

## II. REQUEST FOR JUDICIAL NOTICE

Defendants request judicial notice of the following documents:

- Plaintiffs' Complaint for Damages, dated June 4, 2021 (Exhibit 1);
- Official acts of the United States Health and Human Services Secretary and his office (Exhibits 2-5, 30, 33-34);
- Letter by Robert Charrow, General Counsel for the Office of the Secretary of the Department of Health and Human Services, to Thomas Barker of Foley Hoag, LLP, dated August 14, 2020 (Exhibit 6);
- Advisory Opinions of the General Counsel for the Department of Health and Human Services, Office of the Secretary (Exhibits 7-9);
- List of Covered Countermeasures subject to Emergency Use Authorizations by the United States Food and Drug Administration, dated June 15, 2020 (Exhibit 10);
- Acts of Federal and State administrative Agencies (Centers for Disease Control and Prevention Guidance/Directives, Centers for Medicare and Medicaid Services Memorandums, and California Department of Public Health All Facilities Letters) (Exhibits 11-29);
- Statement of Interest of the United States of America submitted in Bolton v. Gallatin Center for Rehabilitation & Healing, LLC, No. 3:20-cv-00683 (M.D. Tenn.), dated January 19, 2021 (Exhibit 31); and
- Order Regarding Plaintiff's Motions for Remand and Defendant's Motion to Dismiss Complaint in Garcia v. Welltower OpCo Group LLC, No. 8:20-CV-02250, at *8-9 (C.D. Cal. Feb. 10, 2021), dated February 10, 2021 (Exhibit 32)

(Request at 1-4.) The Court finds that these documents are all judicially noticeable, as they constitute either records on file with agencies, publicly available websites, or prior proceedings in federal and state courts. See Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001) (finding records on file with agencies to be judicially noticeable); see Perkins v. LinkedIn Corp., 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (noting that publicly available websites are judicially noticeable); see also In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011) (taking judicial notice of prior proceedings in federal and state courts). Defendants' request is thus GRANTED, and notice is taken.

//

### III.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute."  Gunn v. Minton, 568 U.S. 251, 256 (2013).  As such, a defendant may remove civil actions in which (1) a federal question exists or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014).  The court must resolve doubts regarding removability in favor of remanding the case to state court.  Id.

### IV.  DISCUSSION

**A. Motion to Remand**

Defendants removed this case because they contend that (1) Plaintiffs' state law claims are entirely preempted by the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d; (2) Plaintiffs' claims present a substantial federal question; and (3) removal is proper under the federal officer statute, 28. U.S.C. § 1442(a)(1).  (Removal ¶¶ 10, 49-51, 55.)

The Central District has decided nearly two dozen cases concerning federal jurisdiction under the PREP Act in wrongful death and negligence claims arising from the COVID-19 death of a skilled nursing facility resident.  Every case in this District that has considered a remand under Defendants' theories, except one, has found that the federal courts lack jurisdiction, making removal improper and requiring remand.  See Est. of Jenkins v. Beverly Hills Senior Care Facility, Inc., No. CV 21-4902-JFW(KSX), 2021 WL 3563545 (C.D. Cal. Aug. 12, 2021) (Walter, J.); Romeo v. Canoga Healthcare, Inc., No. CV2102918ABRAOX, 2021 WL 3418730, at *3 (C.D. Cal. Aug. 5, 2021); Est. of Acosta v. WDW Joint Venture, No. CV2105762PAMRWX, 2021 WL 3089332, at *2-5 (C.D. Cal. July 21, 2021) (Anderson, J.); Acra v. California Magnolia Convalescent Hosp., Inc., No. EDCV 21-898-GW-SHKX, 2021 WL 2769041, at *8 (C.D. Cal. July 1, 2021) (Wu, J.); Reed v. Sunbridge Hallmark Health Servs., LLC, No. CV 21-3702-JFW(AGRX), 2021 WL 2633156, at *8 (C.D. Cal. June 25, 2021) (Walter, J.); Thomas v. Century Villa Inc., No. 2:21-CV-03013-MCS-KS, 2021 WL 2400970, at *7 (C.D. Cal. June 10, 2021) (Scarsi, J.); Forman v. C.p.c.h., Inc., No. 2:21-CV-02845-SB-JEM, 2021WL 2209308, at

*3 (C.D. Cal. June 1, 2021) (Blumenfeld, J.); Golbad v. GHC of Canoga Park, No. 221CV01967ODWPDX, 2021 WL 1753624, at *3 (C.D. Cal. May 4, 2021) (Wright, J.); Padilla v. Brookfield Healthcare Ctr., No. CV 21-2062-DMG (ASX), 2021 WL 1549689, at *6 (C.D. Cal. Apr. 19, 2021) (Gee, J.); Hopman v. Sunrise Villa Culver City, No. 221CV01054RGKJEM, 2021 WL 1529964, at *3 (C.D. Cal. Apr. 16, 2021) (Klausner, J.); Winn v. California Post Acute LLC, No. CV2102854PAMARX, 2021 WL 1292507, at *5 (C.D. Cal. Apr. 6, 2021) (Anderson, J.); Nava v. Parkwest Rehab. Ctr. LLC, No. 220CV07571ODWAFMX, 2021 WL 1253577, at *4 (C.D. Cal. Apr. 5, 2021) (Wright, J.); Stone v. Long Beach Healthcare Ctr., LLC, No. CV 21-326-JFW(PVCX), 2021 WL 1163572, at *8-9 (C.D. Cal. Mar. 26, 2021) (Walter, J.); Ivey v. Serrano Post Acute, LLC, No. CV2011773DSFSKX, 2021 WL 1139741, at *3 (C.D. Cal. Mar. 25, 2021) (Fischer, J.); Smith v. Colonial Care Ctr., Inc., No. 2:21-CV-00494-RGK-PD, 2021 WL 1087284, at *1 (C.D. Cal. Mar. 19, 2021) (Klausner, J.); Est. of McCalebb v. AG Lynwood, LLC, No. 2:20-CV-09746-SB-PVC, 2021 WL 911951, at *6 (C.D. Cal. Mar. 1, 2021) (Blumenfeld, J.); Lyons v. Cucumber Holdings, LLC, No. CV2010571JFWJPRX, 2021 WL 364640, at *6 (C.D. Cal. Feb. 3, 2021) (Walter, J.); Jackie Saldana v. Glenhaven Healthcare LLC, No. CV205631FMOMAAX, 2020 WL 6713995, at *3 (C.D. Cal. Oct. 14, 2020) (Olguin, J.); Martin v. Serrano Post Acute LLC, No. CV 20-5937 DSF (SKX), 2020 WL 5422949, at *3 (C.D. Cal. Sept. 10, 2020) (Fischer, J.); but see Garcia v. Welltower OpCo Grp. LLC, No. SACV2002250JVSKESX, 2021 WL 492581, at *7 (C.D. Cal. Feb. 10, 2021) (Selna, J.) (deferring to OGC Advisory Opinion).

These rulings align with the findings of district courts nationwide in legally identical cases. See, e.g., Rae by & through Montisano v. Anza Healthcare Inc., No. 21-CV-287-DMS (JLB), 2021 WL 2290776, at *3 (S.D. Cal. June 4, 2021) (collecting cases); Est. of Parr by & through Parr v. Palm Garden of Winter Haven, LLC, No. 8:21-CV-764-SCB-SPF, 2021 WL 1851688, at *2 (M.D. Fla. May 10, 2021) (collecting cases); Roebuck v. Clinic, No. CV-21-00510-PHX-DLR, 2021 WL 1851414, at *4 (D. Ariz. May 10, 2021) (collecting cases); Perez on behalf of Est. of Lozano v. Se. SNF LLC, No. SA-21-CV-00088-JKP, 2021 WL 1381232, at *2 (W.D. Tex. Apr. 12, 2021) (collecting cases).

This broad consensus in the Central District is persuasive. The Court agrees with their reasoning and similarly finds that it does not have jurisdiction over this case.

### B. Motion to Dismiss

Because the Court GRANTS Plaintiffs' Motion to Remand, the Court DENIES Defendants' Motion to Dismiss AS MOOT.

### C. Motion to Compel

Because the Court GRANTS Plaintiffs' Motion to Remand, the Court DENIES Defendants' Motion to Compel AS MOOT.

//

## V.   CONCLUSION

For the reasons above, the Court GRANTS Plaintiffs' Motion to Remand.  Defendants' Motion to Dismiss and Motion to Compel are both DENIED AS MOOT.  The hearings on October 18, 2021 and November 29, 2021 are both VACATED.  The case is REMANDED to the Superior Court for the County of San Bernardino.  The Clerk is directed to close this case.

**IT IS SO ORDERED.**